NW Media Holdings Corp. v IBT Media Inc. (2023 NY Slip Op 03288)

NW Media Holdings Corp. v IBT Media Inc.

2023 NY Slip Op 03288

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 652344/22 Appeal No. 484 Case No. 2023-00535 

[*1]NW Media Holdings Corp., et al., Plaintiffs-Appellants,
v
IBT Media Inc., Defendant-Respondent, Olivet University et al., Defendants.

Gibson, Dunn & Crutcher LLP, New York (Robert L. Weigel of counsel), for appellants.
Hogan Lovells US LLP, New York (Ryan M. Philp of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about December 29, 2022, which granted defendant IBT Media Inc.'s motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff NW Media Holdings Corp. purchased the magazine publication Newsweek from defendant IBT. NW Media is owned by Dev Pragad and Jonathan Davis, who are also the sole directors and officers of NW Media. Davis and defendant Etienne Uzac co-own IBT. Plaintiffs brought this action against IBT for indemnification pursuant to the parties' purchase agreement for losses resulting from IBT's alleged mismanagement of Newsweek, among other claims. Prior to filing the complaint, NW Media's counsel emailed IBT's counsel a copy of the draft complaint and communicated plaintiffs' intent to commence this action. IBT, through counsel, responded via letter objecting on the ground that neither "NW Media [n]or Newsweek has any authority to bring the claims asserted" because the litigation had not been authorized by NW Media's board of directors.
The motion court correctly granted IBT's motion to dismiss the complaint. Here, as was the case in Sterling Indus. v Ball Bearing Pen Corp. (298 NY 483 [1949]), Pragad lost his presumptive authority to initiate this action in the corporation's name because NW Media's board was deadlocked. Control of NW Media's board is split equally between Pragad and Davis. As in Sterling, NW Media's by-laws provide that "the business of the Corporation shall be managed by its Board of Directors," and that "the vote of a majority of the Directors present at the time of the vote . . . shall be the act of the Board of Directors." Plaintiffs do not dispute that Davis, through counsel, expressly objected to the filing of the complaint, which left the board deadlocked. Thus, any actual or implied authority Pragad may have had to commence this action was "terminated when a majority of the board . . . refused to sanction it" (Sterling, 298 NY at 489; see also Crane, A.G. v 206 W. 41st St. Hotel Assoc., L.P., 87 AD3d 174, 176 [1st Dept 2011]). Even without a formal board meeting, which Davis requested, to no avail, his affirmative written objection constituted a "direct prohibition by the board" sufficient to constitute a deadlock (Rothman & Schneider v Beckerman, 2 NY2d 493, 497 [1957]).
Nor can plaintiffs rely on the indemnification clause itself to create actual authority to sue IBT. In Matter of Paloma Frocks (Shamokin Sportswear Corp.), Paloma Frocks had entered a contract, which contained an arbitration clause, with defendant Shamokin Sportswear, of which Paloma's president owned half (3 NY2d 572, 574 [1958]). Shamokin commenced arbitration against Paloma pursuant to the contract, and Paloma moved to stay the arbitration on the ground that Shamokin's board had not authorized it (id. at 574-575). The Court of Appeals held that Shamokin's president was authorized to commence the arbitration because "Shamokin's directors agreed [*2]to that arbitration clause and authorized [the president] to sign the contract embodying it" (id. at 575). That logic, however, does not apply to Pragad's attempted enforcement, through litigation without board approval, of the indemnification clause. Paloma was objecting to something to which it had already consented in the parties' contract: resolving disputes through arbitration. Here, IBT's agreement to the purchase agreement, through Davis, may have included an agreement to indemnify NW Media under certain conditions, but it did not constitute a broad agreement to Pragad's initiation of litigation against IBT on behalf of NW Media absent board approval. By taking that action, Pragad was not "merely carrying out an existing agreement" constituting "a routine step in the performance" of the contract, as was the case in Paloma (id.).
IBT does not lack standing to defend itself in this action by challenging Pragad's authority to bring it. IBT, co-owned by Davis who remains an owner and director of NW Media, is hardly a "stranger" with respect to NW Media (cf. Rothman, 2 NY2d at 499 [noting the defendants, "complete strangers to the corporation . . . , should not be permitted to question [secretary-treasurer's] authority [to institute the suit] and thereby frustrate the action"]).
We have considered plaintiffs' additional arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023